IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| RODNEY THOMAS | : |
| Plaintiff | : |
| v. | : Civil Action No: |
| UNITED STATES OF AMERICA | : |
| Defendant | : |

## COMPLAINT FOR WRIT OF CORAM NOBIS

Plaintiff, Rodney Thomas, by counsel, David W. Lease and Smith, Lease & Goldstein, LLC, files this Complaint for the issuance of a Writ of Coram Nobis, setting aside his conviction in Criminal No.: PMD-06-4572, and for his causes of action states as follows:

1. Rodney Thomas is a resident of Prince George's County, Maryland.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1651.

3. On January 8, 2007, Mr. Thomas entered a guilty plea to, *inter alia*, one count of possession of a weapon in violation of 36 C.F.R. § 2.4(a)(1)(i) before the Honorable Thomas M. DiGirolamo, in the case entitled United States v. Rodney Thomas, TMD-06-4572.[1]

4. At the time of the alleged offense, 36 C.F.R. § 2.4(a)(1)(i) prohibited carrying of a weapon on National Park property. The National Park property at issue in this case was the Baltimore-Washington Memorial Parkway.

5. Additionally, at the time of the offense, Mr. Thomas was a NASA Security Police Officer, which required him to travel on the Baltimore-Washington Memorial Parkway to get back and forth from work.

---

[1] Mr. Thomas also entered a guilty plea to a charge of speeding.

6.  As part of his employment as a NASA Security Police Officer, Mr. Thomas carried a firearm.

7.  Mr. Thomas also worked security for a private company in Maryland and had a license from the State of Maryland, which allowed him to carry a firearm.

8.  Mr. Thomas was advised by his superiors at NASA that he was allowed to carry his weapon to and from his employment and, in fact, Mr. Thomas observed his supervisor carrying his weapon to and from work.

9.  Since Mr. Thomas' plea in this case, 36 C.F.R. § 2.4(a)(1)(i) has been amended so that the regulation would no longer prohibit Mr. Thomas, who is allowed to carry a firearm outside of National Park property, from being convicted for carrying a weapon inside National Park property.

10.  36 C.F.R. § 2.4 was subsequently amended by an act of Congress (see 16 U.S.C. § 1a-7b) which specifically provided that the regulation limiting possession of firearms in National Parks was being amended to ameliorate a regulatory system which infringed upon the public's Second Amendment right under the U.S. Constitution to bear Arms.

11.  Mr. Thomas' plea hearing was Constitutionally deficient in that Mr. Thomas was not advised, *inter alia*, of any of the elements of the charges against him or that the charge required that he possessed the weapon on National Park property. In fact, National Park property, as opposed to "Federal Property," was never delineated at the plea hearing.

12.  Additionally, at the plea *voir dire*, the Court never inquired of Mr. Thomas whether his plea was being entered knowingly and voluntarily, or whether his guilty plea was the

result of any coercion, promise or threat.[2] While the Court asked Mr. Thomas if he understood that by pleading guilty he would be forfeiting his right to a trial, the Court failed to describe any of the rights associated with the trial, such as the right to confront witnesses, testify on one's own behalf, compel the production of evidence, etc., that Mr. Thomas was waiving by pleading guilty.

13. In fact, the plea *voir dire* consists of a single transcribed page, which fails to establish, even in the most rudimentary sense, that Mr. Thomas' plea was knowingly and voluntarily entered.

14. Mr. Thomas' plea was not knowingly and voluntarily entered because he did not understand the nature of the offense to which he was pleading guilty, his rights related to trial, or that he had several defenses to the alleged charge.

15. With respect to his defenses, since Mr. Thomas had been authorized by the United States government to carry a weapon as a NASA Security Police Officer, Mr. Thomas, by necessity, was required to carry such weapon to and from work on the Baltimore-Washington Memorial Parkway (the alleged National Park property at issue in this case).

16. Moreover, Mr. Thomas had a State license to carry a weapon.

17. Even if Mr. Thomas was not allowed to carry the weapon on National Park property as the statute existed at the time, Mr. Thomas was explicitly advised by his supervisors that he could carry his weapon to and from his employment, which would raise the defense of entrapment by estoppel.

---

[2] A copy of Mr. Thomas' plea hearing is attached hereto as **Exhibit 1**.

18. Likewise, the statute that Mr. Thomas pled guilty to has been amended by Congress so that today Mr. Thomas would not be guilty of violating that regulation. Moreover, Congress determined that the regulation as it existed at the time Mr. Thomas was charged, infringed on a person's Second Amendment right to bear Arms.

19. As a direct consequence of the guilty plea in this case Mr. Thomas has been prevented from pursuing the law enforcement career he was engaged in when charged in this case.

20. In particular, Mr. Thomas applied for the position of Deputy Sheriff with the Prince George's County Sheriff's Office, which was denied because of "criminal record history." The letter informs Mr. Thomas:

> You should understand that you are ineligible for employment with this Agency or any employment with a public safety agency within Prince George's County government. The issues above are serious enough that future consideration of employment will not be considered.

21. The only conviction which Mr. Thomas has on his criminal record is the conviction which is the subject matter of this request for a Writ of Coram Nobis.

22. Consequently, the existence of this conviction bars Mr. Thomas from pursuing his law enforcement career. Mr. Thomas was unaware that his guilty plea and conviction would bar his future employment as a deputy sheriff or police officer.

23. The basis for the request for a Writ of Coram Nobis is that Mr. Thomas' guilty plea was entered in violation of (1) his Constitutional right of due process, in that Mr. Thomas' guilty plea was not knowingly and voluntarily entered; (2) his Constitutional Right to effective assistance of counsel at the time he entered the guilty plea; and (3) his Second Amendment right to bear Arms.

24. Mr. Thomas consistently stated throughout his plea and sentencing that he did not have any knowledge that he was violating any statute or regulation or that he had done anything wrong.

25. Mr. Thomas' defense counsel was ineffective by failing to research and advise Mr. Thomas of the compelling defenses to the charge against him, which are described above, as well as defense counsel's failure to research and advise Mr. Thomas of the consequence that his law enforcement career would be effectively ended by pleading guilty to this offense. Trial counsel has an obligation to research and advise his client of the consequences to a guilty plea as the Supreme Court recently held in Padilla v. Kentucky, 130 S.Ct. 1473 (2010).

26. Had Mr. Thomas been appropriately represented by reasonably competent counsel, he would not have entered a guilty plea in the case and would have proceeded to trial.

27. Mr. Thomas' conviction for possession of a firearm involved an error of fundamental fairness and constitutes, as a matter of law, a denial of his basic Constitutional rights of due process, effective assistance of counsel and his right to bear Arms.

28. Mr. Thomas' denial of any employment with the Prince George's County Sheriff's Department due to his criminal record, as well as the unequivocal statement that Mr. Thomas is forever barred from seeking employment with any public safety agency within Prince George's County, constitutes an adverse consequence to secure a lawful benefit which would otherwise be available to him but for the violation of his Constitutional rights.

29. Mr. Thomas' sentence was a fine of $500.00, which he has paid.

30. Consequently, Mr. Thomas has no other available remedy, other than seeking this Writ of Coram Nobis.

WHEREFORE, Rodney Thomas respectfully requests that this Court grant a Writ of Coram Nobis, thereby vacating the conviction entered against him in Criminal No.: PMD-06-M-4572, and remanding the case for re-pleading, and that the Court provide Mr. Thomas such other and additional relief as this Court deems just and appropriate.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By: _____
David W. Lease
Federal Bar No: 09426
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Phone: (301) 838-8950
Facsimile: (301) 838-0322

Attorneys for Rodney Thomas

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August 2010, a copy of the foregoing Complaint for Writ of Coram Nobis was served via first class mail, postage prepaid, upon the following person(s):

Rod J. Rosenstein
United States Attorneys Office
36 South Charles Street
Baltimore, Maryland 21201

_____
David W. Lease

Z:\Q-Z\Thomas. Rodney\Thomas - Complaint.doc

6