# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**RODNEY THOMAS,**

    Petitioner,

v.      Case No.: RWT 10cv2274

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION

On August 19, 2010, Petitioner filed a petition for writ of error *coram nobis* pursuant to 28 U.S.C. § 1651. Doc. No. 1. Petitioner sought to set aside a conviction that arose out of a traffic stop on the Baltimore-Washington Parkway. Petitioner claimed that (1) his due process rights were violated because his guilty plea was not knowingly and voluntarily entered; (2) he was denied effective assistance of counsel at the time he entered the plea; and (3) his Second Amendment right was violated. Doc. No. 1 at 4. This Court, in a memorandum opinion dated April 15, 2011, denied the writ because the petition (1) "fail[ed] to reveal any reason for the forty-three month delay between the entry of [Petitioner's] guilty plea and the filing of the instant petition" and (2) "fail[ed] to identify any fundamental error that occurred in the taking of his guilty plea." Doc. No. 8 at 4.

On May 13, 2011, Petitioner filed a Motion to Alter or Amend Judgment. Doc. No. 10. The Government filed its opposition on June 3, 2011, Doc. No. 11, to which Petitioner replied on June 20, 2011. Doc. No. 12. This Court held a hearing on the motion on November 14, 2011.

Petitioner argues that the Court's denial of the writ was procedurally in error because the Court granted "*sua sponte* summary judgment" in the Government's favor without providing

notice to Petitioner or identifying material facts not in dispute. Doc. No. 10 at 1. Petitioner maintains that "there are more than sufficient genuine issues of material facts in dispute" that would preclude an entry of summary judgment. *Id.* Petitioner also seeks extensive discovery from the government and argues that the Court should not act until discovery is completed.

The Government maintains that Petitioner is not entitled to discovery during *coram nobis* actions absent a court order. Instead, the Government argues that the court should apply the Rules Governing Section 2255 Proceedings to determine discovery disputes. The Government also maintains that the Court's memorandum opinion was an opinion denying a writ of *coram nobis*, not a grant of summary judgment pursuant to the Federal Rules of Civil Procedure.

For the reasons discussed below, the Court will grant Petitioner's Motion to Alter or Amend. However, discovery will be governed by Rule 6(a) of the Rules Governing Section 2255 Proceedings, and the Court may limit the extent of the discovery.

## I. Motions to Alter or Amend

"Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment" the Fourth Circuit recognizes that there are "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins.*, 148 F.3d 396, 403 (4th Cir. 1998). "[T]he rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (quotation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a

2

novel legal theory that the party had the ability to address in the first instance." *Id.* "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quotation omitted).

### a. Writ of Error *Coram Nobis*

"Federal courts have the authority to grant relief from a conviction via a writ of error *coram nobis* after the expiration of a sentence." *United States v. Bazuaye*, 2010 WL 4366456, *1 (4th Cir. Oct. 28, 2010) (citing 28 U.S.C. § 1651). "Traditionally, the writ is available only to remedy 'factual errors material to the validity and regularity of the legal proceeding itself.'" *Id.* (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996)). "Because the writ is an extraordinary remedy that should issue only under circumstances compelling such action to achieve justice, an error of the most fundamental character must have occurred to warrant issuing the writ, and no other remedy may be available." *Id.* (quotations and internal bracketing omitted). "The Supreme Court has observed that 'it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate.'" *Id.* (quoting *Carlisle*, 517 U.S. at 429). In order to obtain a writ of error *coram nobis*, a Petitioner must demonstrate that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.* (quotation omitted).

Although this writ appeared to have been eliminated in 1946 when Federal Rule of Civil Procedure 60(b) was amended to "abolish[] writs of error *coram nobis* and other common law forms of relief from judgment," the writ "rose phoenix-like from the ashes of American

jurisprudence through the benign intervention of the Supreme Court in *United States v. Morgan*, 346 U.S. 507 (1954)." *United States v. Balistrieri*, 606 F.2d 216, 219 (7th Cir. 1979). In *Morgan*, the Court found that although the writ had been abolished in civil cases, it was available in criminal cases when 28 U.S.C. § 2255 was inapplicable. The Court, however, did not clearly announce which rules of procedure should govern *coram nobis* proceedings. The Court found that a writ of *coram nobis* "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a civil proceeding." *Morgan*, 346 U.S. at 506, n.4. The Court maintained that "[w]hile at common law the writ of error *coram nobis* was issued out of chancery like other writs . . . the procedure by motion in the case is now the accepted American practice." *Id.* The Court found that a motion for the writ "is of the same general character as one under 28 U.S.C. § 2255." *Id.* This language has led to disagreement among the Circuit Courts as to whether the civil rules or the Rules Governing § 2255 Proceedings should be applied for, among other things, obtaining discovery.

On the one hand, certain courts maintain that actions arising under a *coram nobis* petition are not governed by the Federal Rules of Civil Procedure because the writ is separate and distinct from civil matters. For example, the Ninth Circuit maintains that "a petition for the writ of *coram nobis* is a step in the original criminal proceedings, not the beginning of a separate civil action." *Telink, Inc. v. United States*, 24 F.3d 42, 46 (9th Cir. 1994). As such "[a] petitioner resorting to the *coram nobis* petition seeks to vacate a wrongful criminal conviction; this right differs inherently from the types of substantive rights sought by plaintiffs in purely civil actions." *Id*. The Ninth Circuit concludes that "[t]he *coram nobis* petition and a civil action are not of like character." *Id.*

4

On the other hand, the First, Sixth, and Seventh Circuits maintain that although "a *coram nobis* motion is a step in a criminal proceeding, [it] is, at the same time, civil in nature and subject to the civil rules of procedure." *Balistrieri*, 606 F.2d at 221; *see also Trenkler v. United States*, 536 F.3d 85 (1st Cir. 2008); *United States v. Johnson*, 237 F.3d 751 (6th Cir. 2001). In *Balistrieri*, the Seventh Circuit addressed whether on a motion for writ of error *coram nobis* a district court should apply the Federal Rules of Civil Procedure or the Rules Governing Section 2255 Proceedings. *Id.* at 218. The court found that a district court can draw from both sets of rules and held that "[i]t is within the district court's discretion to apply the appropriate rules on the basis of facts in each case." *Id.* at 221; *see also Trenkler*, 536 F.3d at 94 ("Given the lessons of history, we are convinced that *coram nobis* proceedings are best seen as hybrids—quasi-civil and quasi-criminal. On this view, the denomination of the nature of a given petition calls for a functional analysis rather than for doctrinal rigidity."). The Seventh Circuit maintains that § 2255 rules are "highly persuasive in deciding how *coram nobis* motions should be conducted." *Balistrieri*, 606 F.2d at 221.

The case law demonstrates that a petitioner in a *coram nobis* proceeding is allowed some form of limited discovery. A majority of courts appear to grant courts the discretion to determine whether the civil rules or the Rules Governing § 2255 Proceedings should apply. As such, the best approach appears to be one that rejects any type of "doctrinal rigidity" and allows a court to determine whether and to what extent discovery is appropriate based on the case before it.

    b. **Petitioner is Entitled to Limited Discovery**

Although Petitioner does not identify the grounds for amending the prior judgment, this

5

Court construes his motion as arguing that it is necessary to correct a clear error of law or prevent manifest injustice. Petitioner maintains that this Court incorrectly granted summary judgment *sua sponte*. Petitioner argues that "[a]lthough a complaint seeking *coram nobis* relief is related to a criminal proceeding, the underlying action is civil in nature and subject to the Federal Rules of Civil Procedure." Doc. No. 10 at 2-3. Petitioner contends that "the grant of summary judgment is controlled by Fed. R. Civ. P. 56." Petitioner then argues that there are material facts in dispute, which would prevent this Court from granting summary judgment in government's favor.

The Government argues that it is inappropriate for Petitioner to demand that the Government "follow the Federal Rules of Civil Procedure regarding discovery." Doc. No. 11 at 3. Instead, because the writ mirrors Section 2255 proceedings, the Government maintains that a court should rely on the Rules Governing Section 2255 Proceedings. *Id.* Additionally, the Government argues that "in a *coram nobis* action . . . the dispositive question is not whether the parties have a dispute concerning any issue at all. The question, rather, is whether there was a fundamental error that resulted in a miscarriage of justice." *Id.* at 4.

Both parties rely on *Balistrieri* to support their arguments regarding discovery. Each party, however, reads the case too broadly to support its argument that either unbridled discovery is allowed absent a protective order or no discovery is allowed unless specifically court ordered. On the one hand, the type of civil discovery and reliance on the civil rules that Petitioner proposes is inappropriate and overbroad in the context of this extraordinary writ. On the other hand, Respondent's argument that *no* civil discovery is warranted is misguided. The Seventh Circuit found that a district court should have "discretion to apply the appropriate rules," either

6

the Rules of Civil Procedure or the Rules Governing Section 2255, "on the basis of the facts in each case. *Balistrieri*, 606 F.2d at 221. *Balistrieri*, *Johnson*, and *Trenkler* clearly grant a district court that discretion.

Therefore, Petitioner is correct in arguing that this Court's prior denial of his petition before he had the opportunity to ask for leave of court to conduct discovery demonstrates that there is a need "to correct a clear error of law or prevent manifest injustice" pursuant to Fed. R. Civ. P. 59(e) and his motion therefore will be granted. *Pac. Ins. Co.*, 148 F.3d at 403. Petitioner's desire to proceed to discovery, however, will be governed by Rule 6(a) of the Rules Governing Section 2255 Proceedings. Petitioner has demonstrated that good cause for discovery exists for the following issues regarding his petition for a writ of error *coram nobis*: (1) his reason(s) for the forty-three month delay between the entry of the guilty plea and the filing of this petition and (2) whether he was denied effective assistance of counsel because of his attorney's alleged failure to research and advise him of potential defenses to the charges as well as the consequences that pleading guilty would have on his law enforcement career.[1]

Discovery into these issues, however, is limited to taking depositions of Petitioner and his former lawyer who advised him during his guilty plea. Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, any further discovery will require leave of court.

---

[1] The Court notes that although Petitioner alleges discovery is necessary to determine if fundamental errors occurred in the taking of his guilty plea, any information regarding the guilty plea colloquy is a matter of public record for which discovery is not necessary.

For the foregoing reasons, Petitioner's Motion to Alter or Amend is granted. A separate order follows.

Date: January 6, 2012                              /s/
                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE